IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:09-cv-01229-LKK-EFB |
| ) | |
| Plaintiff, ) | **Consent Decree** |
| ) | |
| v. ) | |
| ) | |
| CALIFORNIA DEPARTMENT OF ) | |
| CORRECTIONS AND REHABILITATION, ) | The Hon. Lawrence K. Karlton |
| ) | |
| Defendant. ) | |
| _____ ) | |

1.      This matter is before the Court for entry of this judgment by consent of all parties to effectuate a compromise and settlement of all claims.  After review and consideration, the Court determines that entry of this judgment is in the interest of justice.

2.      Plaintiff United States of America ("United States") commenced this action in the United States District Court for the Eastern District of California, alleging that defendant California Department of Corrections and Rehabilitation ("CDCR") violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA"), by failing to promptly and properly reemploy Dany Felix ("Felix") following his service with the Air Force.

3.      As a result of settlement discussions, the United States and the CDCR have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree ("Decree").  It is the intent of the parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged in the Complaint filed in this case.  By his signature to the accompanying release, attached hereto as Appendix A, Felix agrees that the relief provided in this case is a satisfactory resolution of his USERRA claims raised in Department of Labor Case No. CA-2007-00005-20-R-CO and the Complaint filed in this case, and adequately compensates him for those claims.

### STIPULATED FACTS

4.      The parties acknowledge the jurisdiction of the United States District Court for the Eastern District of California over the subject matter of this action and the parties to this case for the purpose of entering and, if necessary, enforcing this Decree.

5.      Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree.  The CDCR agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

### FINDINGS

6.      Having examined the terms and provisions of the Decree, the Court finds the following:

      a.      The Court has jurisdiction over the subject matter of this action and the parties to this action.

      b.      The terms and provisions of this Decree are lawful, fair, reasonable and just.  The rights of Felix, the United States and the CDCR are protected adequately by this Decree.

      c.      This Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person.

      d.      The entry of this Decree will further the objectives of USERRA, and will be in the best interests of the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### NON-ADMISSION

7.      This Decree, being entered with the consent of the United States and the CDCR, shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by the CDCR of any violations of USERRA.

**COMPLIANCE WITH USERRA**

8.      The CDCR shall comply with all provisions of USERRA and shall not take any action against any person, including but not limited to Felix, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

**GENERAL RELIEF**

9.      The CDCR has adopted a revised USERRA policy for Return to Work Coordinators that the United States agrees is in furtherance of the aims of USERRA.

10.     No later than thirty (30) days from the date on which the Court enters this Decree, the CDCR shall post the policy described in Paragraph 9, above, on employee bulletin boards normally used for such purpose and on the CDCR Intranet.  The CDCR shall also distribute a copy of the policy to all Return to Work Coordinators and Institution Personnel Officers.  The CDCR shall also provide a copy of the policy to all new supervisors in any new supervisor program.

11.     Within thirty (30) days of the posting and distribution of the policy described in Paragraph 9, above, the CDCR shall provide the United States with written verification that the posting and distribution has been completed in the manner prescribed in Paragraph 10, above.

12.     Within twelve (12) months from the date on which the Court enters this Decree, the CDCR shall provide mandatory training regarding the reemployment requirements set forth in USERRA and its implementing regulations, as well as the policy described in Paragraph 9, above, as follows:

       a.      To all Return to Work Coordinators in the CDCR at any Regional Return to Work Coordinator training conferences held in 2010.  If Regional Return to Work Coordinator training is not held before December 31, 2010, the CDCR shall provide mandatory training regarding USERRA's reemployment requirements to all Return to Work Coordinators at the

CDCR in a state-wide conference call between the Return to Work Coordinators (RTWCs);

b.   To all new RTWCs at all new RTWC trainings conducted by the CDCR, the Office of Employee Wellness; and

c.   To all Institution Personnel Officers (IPOs) in the CDCR in a state-wide conference call between the IPOs.

13.   Within thirty (30) days following the completion of the training required by Paragraph 12, above, the CDCR shall provide to the United States written verification that the training has been completed, that all employees required to attend such training by Paragraph 12, above, did so, and that the training was conducted in accordance with Paragraph 12, above. The CDCR shall provide the United States with a copy of the materials distributed at the training and shall retain a record of all persons who have undergone such training for the duration of the Decree.

14.   During the year following the date of entry of this Decree, the CDCR shall submit two reports to the United States.  The CDCR shall provide the first report one hundred and fifty (150) days after entry of this Decree and shall provide the second report three hundred (300) days after the entry of this Decree.  For each person with a service-connected injury or limitation seeking, requesting, or applying for reemployment with the CDCR's California Medical Facility following a service-related absence exceeding thirty (30) days, and which absence concludes after the date of the entry of this Decree, the report shall list:

a.   The person's name; the position and rate of pay held by the person immediately prior to the commencement of his/her service-related absence;

b.   The period of the person's service-related absence;

c.   The date of the person's application or request for reemployment;

d.   The position and rate of pay at which the person was reemployed following the person's service-related absence; and

e.      Any accommodation provided by CMF to a person with a service-connected injury or limitation pursuant to the requirements of USERRA.

15.     The CDCR shall retain during the term of this Decree all documents, in paper and electronic form (including electronic mail), that come into its possession that are: (a) related to complaints (formal or informal) made by CDCR employees at its California Medical Facility and connected in any way with USERRA's employment and reemployment provisions, for persons with service-connected injuries or limitations, including documents relating to the CDCR's investigation and resolution of any such complaints; and (b) any supporting documentation used to compile the reports required by Paragraph 14, above.  Upon giving thirty (30) days' written notice, the United States may request information or documentation to assess the CDCR's compliance with Paragraphs 14 and 15 of this Decree.

## SPECIFIC REMEDIAL RELIEF

16.     The CDCR shall, within twenty (20) business days from the date of entry of this Decree, pay Felix a total monetary award of $43,750, comprised of $31,975 in back wages plus $7,000 in interest, and $4,025 in unreimbursed medical insurance premiums plus $750 in interest.  The CDCR shall withhold from the $31,975 paid to Felix that is attributable to back wages all appropriate income tax withholdings and statutory deductions.  The CDCR shall separately pay its portion of any Social Security tax and other applicable federal, state and local employer-side taxes due on the $31,975 paid to Felix, and shall not deduct its portion of such taxes from the amount paid to Felix.  The CDCR shall pay all monies withheld to the appropriate governmental agencies and shall issue Felix the appropriate Internal Revenue Service tax forms on or before the date it is required by law to do so.

The CDCR shall pay the required amount to Felix by mailing a check to the following address:

Dany Felix
220 Morgan Street
Suisun City, California  94585

The CDCR shall provide documentary evidence of having paid Felix by sending, via overnight mail, a photocopy of the check evidencing payment to the following address within twenty (20) days of making the payment to Felix:

Shayna Bloom
United States Department of Justice
601 D Street, NW, Room 4017
Washington, D.C.  20579

## DISPUTE RESOLUTION AND COMPLIANCE

17.   The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court.  Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree.  The parties shall be required to give notice to each other twenty (20) days before moving for review by the Court.  Both parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

## EXPIRATION OF THIS DECREE

18.   This Decree shall expire, and this action shall be dismissed, one (1) year after the date of entry of this Decree, provided that the CDCR has provided Felix with the relief to which he is entitled and that the CDCR has otherwise complied with the provisions of this Decree.

## MISCELLANEOUS

19.   The parties shall bear their own costs and expenses of litigation, including attorneys' fees.

20.   The Court shall retain jurisdiction and shall have all available equitable powers, including injunctive relief, to enforce this Decree.

21.   If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

22.     The terms of this Decree are and shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of defendants and upon heirs, successors, and assigns of Felix.

23.     This Decree constitutes the entire agreement and commitment of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by the United States and the CDCR.

24.     The effective date of this Decree shall be the date upon which it is entered by the Court.

25.     Except as otherwise provided in this Decree, all documents required to be delivered under this Decree to the United States by the CDCR shall be sent overnight mail to the attention of:

> Shayna Bloom
> United States Department of Justice
> 601 D Street, NW, Room 4017
> Washington, D.C.  20579

26.     Any documents required to be delivered under this Decree by the United States to the CDCR shall be sent to the attention of:

> Vincent J. Scally, Jr. or Judith Recchio
> State of California Attorney General's Office
> 1300 I Street, Suite 125
> P.O. Box 944255
> Sacramento, California  94244-2500

APPROVED and ORDERED this 14th day of July, 2010.



LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

Agreed and Consented To:

On behalf of plaintiff
The United States of America:

On behalf of defendant
The California Department of Corrections
and Rehabilitation:

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

BY:

 /s/ John M. Gadzichowski
JOHN M. GADZICHOWSKI
Wisconsin Bar No. 1014294
Chief

 /s/ Robert Gaultney
ROBERT GAULTNEY
Staff Counsel IV
Labor and Human Resources Legal Team
Office of Legal Affairs
California Department of Corrections and
Rehabilitation

 /s/ Karen D. Woodard
 /s/ Shayna Bloom
 /s/ Jennifer M. Swedish
KAREN D. WOODARD
Maryland Bar
Deputy Chief
SHAYNA BLOOM
D.C. Bar No. 498105
JENNIFER M. SWEDISH
D.C. Bar No. 977746
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
PHB 4017
Washington, D.C.  20530
Telephone: (202) 305-1450
Facsimile: (202) 353-8961

 /s/ Judith Recchio
EDMUND G. BROWN JR.
Attorney General of California
VINCENT J. SCALLY, JR.
Supervising Deputy Attorney General
JUDITH A. RECCHIO
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA  94244-2500
Telephone: (916) 322-5526
Facsimile: (916) 324-5567

## **Appendix A**

## **RELEASE**

I, Dany Eduardo Felix, for and in consideration of accepting the relief provided to me pursuant to the provisions of the Consent Decree entered in *United States v. California Department of Corrections and Rehabilitation*, release and discharge the California Department of Corrections and Rehabilitation ("CDCR"), its current, former and future officials, employees, and agents of all legal, statutory and equitable claims asserted in the complaint filed in that case and Department of Labor USERRA Case Number CA-2007-00005-20-R-CO.

I understand that the relief to be given to me does not constitute an admission by the CDCR of the validity of any claim raised by me or on my behalf, nor does it constitute a finding of wrongdoing or liability under applicable federal law or regulation.

This Release constitutes the entire agreement between the CDCR and me in connection with this case, without exception or exclusion and is subject to the Court's approval and entry of the Consent Decree.

I acknowledge that a copy of the Consent Decree entered in this action has been made available to me.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE ON MY OWN FREE ACT AND DEED.

Signed this 7 day of July, 2010.


 /s/ Dany Eduardo Felix_____
Dany Eduardo Felix